LMcMANUS, Judge.
This case arises out of a failed real estate transaction. The Plaintiffs, Eric and Sonya Moskau, allege that the Defendant, Stephen Katz, breached the Purchase Agreement between them. The Moskaus seek specific performance and damages. The Defendant filed a Partial Motion for Summary Judgment arguing that the Plaintiff cannot legally seek both specific performance and damages. From a judgment granting partial summary judgment in favor of Mr. Katz, the Mos-kaus have filed this appeal.
*948 STATEMENT OP THE CASE
Mr. Katz and the Moskaus entered into a standard Agreement to Purchase or Sell a house. The sale did not go through, and both parties asserted that the other breached the Agreement. On June 16, 1999, the Moskaus filed a Petition for Damages for Breach of Contract or Alternatively for Specific Performance. The Moskaus also filed a Lis Pendens asserting their interest in the property. On February 11, 2000, Mr. Katz responded with a reconventional demand seeking monetary damages for the Moskau’s alleged wrongful filing of a Lis Pendens. Further, in accordance with La. C.C.P. art. 4653 and Chapter 28 of the Louisiana Real Estate Commission’s Rules and Regulations, the Louisiana Real Estate Commission intervened in the proceeding and deposited into the registry of the court the $5,000.00 held in escrow.
Subsequently, Mr. Katz offered the title to the property to the Moskaus under the terms of the “Agreement”, but the Mos-kaus refused to accept. Mr. Katz then filed a Motion for Partial Summary Judgment seeking to dismiss the specific performance aspect of the Moskaus’ petition.
LOn September 12, 2000, the trial court granted the Motion for Partial Summary Judgment and removed the Lis Pendens from the public records. The property was then sold to a third party.
For completeness, we point out that this case is before us on appeal as a designated final judgment. Under La. C.C.P. Art. 1915(B)(1), when a partial summary judgment is entered, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay. In this case, the parties entered a consent judgment to designate the judgment as final.
FACTS
The Moskaus entered into the agreement with Mr. Katz to purchase a new home located in River Ridge, Louisiana. Mr. Katz was the owner of the home at that time. After several closings were cancelled or postponed, the Moskaus decided to make a final inspection of the premises before proceeding any further. The Moskaus found that the house was not in the same condition it was in when they first agreed to purchase it. Both sides attempted to work out another agreement in order to facilitate the sale. However, the parties never could close the sale.
The Moskaus filed this suit seeking damages and specific performance. While the suit was pending, Mr. Katz attempted to sell the property to another, but was unable due to the Lis Pendens filed by the Moskaus. Mr. Katz filed a Motion for Partial Summary Judgment seeking to dismiss the specific performance aspect of the case and have the Lis Pendens removed from the public records. After the trial court granted Mr. Katz’s Motion for Partial Summary Judgment, Mr. Katz sold the property to another buyer.
LAW AND ANALYSIS
The question presented on appeal is whether the Moskaus can bring this action seeking both specific performance and damages. In this opinion, we do not address the merits of the case or the issue of who breached the Agreement. The question of breach of contract is a factual dispute not ripe for summary judgment.
In support of their position that the trial court erred in finding that they cannot seek both specific performance and damages, the Moskaus cite Articles 1986 and 2485 of the Louisiana Civil Code. La.C.C. art.1986 states in pertinent part:
*949 Upon an obligor’s failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court lashall grant specific performance plus damages for delay if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee.
La.C.C. art. 2485 provides:
When the seller fails to deliver or to make timely delivery of the thing sold, the buyer may demand specific performance of the obligation of the seller to deliver, or may seek dissolution of the sale.
In either case, and also when the seller has made a late delivery, the buyer may seek damages.
Based on these articles, the Moskaus assert that they can seek specific performance and damages in a single breach of contract action.
However, La.C.C. art. 2007 provides as follows:
An obligee may demand either the stipulated damages or performance of the principal obligation, but he may not demand both unless the damages have been stipulated for mere delay.
We find that this code article is applicable to the instant case. The articles cited by the Moskaus must be read in pari material with La.C.C. art. 2007. La.C.C. art. 1986 refers to damages for delay, which is not the same as compensatory damages. Similarly, La.C.C. art. 2485 must be read in light of the general rule contained in La.C.C. art. 2007, which explicitly prohibits an action for both specific performance and damages.
In Lombardo v. Deshotel, 647 So.2d 1086, (La.1994), the Louisiana Supreme Court explained the application of these two distinct remedies. The court stated that “[i]n cases of nonperformance, the monetary indemnity is for the damage suffered by the creditor as a result of the non-performance of the obligation; it is clear therefore, that such indemnity can never be cumulated with actual performance.”
Furthermore, in Rabin v. Biazas, 537 So.2d 221 (La.App. 4 Cir.1988), the Fourth Circuit was faced with a failed real estate transaction and a purchase agreement almost identical to the one in the instant case. The purchase agreement in Rabin provided the buyer with the option of specific performance or damages, but not both. In the instant case, the Agreement signed by the Moskaus mirrors the language in La.C.C. art. 2007. Lines 44 through 48 of the Agreement provide that in the event the seller (Katz) fails to comply with the terms of the agreement, the Moskaus have the right to demand specific performance or the right to demand the return of his deposit in full, plus an equal amount to be paid’ as penalty by the seller. We note the disjunctive |4nature of this provision, providing the non-breaching party with a choice of either specific performance or damages, but not both.
Based on all of the above, we find that specific performance is unavailable in this case not just because the Agreement prohibits both specific performance and damages as a remedy, but because the Louisiana jurisprudence and La.C.C. art. 2007 prohibit it also. Accordingly, we affirm the judgment of the trial court granting partial summary judgment in favor of the Defendant, Mr. Katz.
AFFIRMED.